10  413
48  398

## PRICE, FROST & CO. v. SHIP URIEL, MASTER AND OWNERS.

Where goods are shipped in good order, and are damaged on the voyage, it devolves on the common carrier to show that the damage was caused without his fault, and by one of the perils excepted in the bill of lading. .

If it is proven that the damage was occasioned by one of the perils in the bill of lading, it is then incumbent on shippers to show that the common carrier was guilty of negligence.

In estimating damages, the market value of goods of the same kind at the port of delivery must be taken as a standard.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Wolfe & Singleton*, for plaintiffs. *Durant & Hornor*, for defendants and appellants.

OGDEN, J. This is an action for damages on 780 bundles of iron, being bar, hoop, band and horse-shoe iron, consigned to the plaintiffs, who are agents of *Semple & Bonner*, of St. Louis, and shipped from Liverpool on defendants' vessel.

There was judgment against the defendants, who have taken the present appeal, and rely on the following points:

1st. That any loss or damage the iron may have sustained arose from a peril of the sea, and not from bad stowage or from any fault or want of skill or care on the part of defendants.

2d. That the assessment of damages by the lower court is not correct and legal.

On the first point, the evidence is not very clear and conclusive as to the cause of the damage. The iron, however, was shipped in good order and condition, and the position contended for by the appellees' counsel, that it devolves upon the common carrier to show that the damage was caused without his fault and

by one of the perils excepted in the bill of lading, seems to be supported by both reason and authority. If the evidence had satisfactorily established the injury to have been occasioned by one of the perils excepted in the bill of lading, it would then have devolved upon the shippers to show that the defendants were guilty of negligence and might with due care have prevented the injury. *Clark et al.* v. *Barwell et al.*, 12 Howard, 270.

Although it is shown by the evidence that the vessel experienced some gales on the voyage, yet it is also shown that she was staunch and well built, and she does not appear to have been injured by stress of weather. Notwithstanding the defendants established by the evidence of the stevedore who loaded the vessel, as well as by other witnesses, that the stowage was such as is customary and considered safe, yet the fact of damage being positively shown, and the burthen of proof resting on the common carrier to show that it was a damage occasioned by the perils of the sea, which fact has not been made to appear, it follows that, in the absence of such evidence, the negative testimony introduced by the defendants does not suffice to exonerate them.

On the point as to the extent of the damages, the rule is that the market value of goods of the same kind at the port of delivery must be taken as the standard. Kent, vol. 2, p. 600; *Oakey* v. *Russel*, 6 N. S., 61; Pothier Traité des Contrats de louages Maritime, 1st part, No. 35. The damages were estimated on personal inspection at the port of New Orleans at seventy per cent., but the plaintiffs, in their answer to interrogatories propounded to them by the defendants, state that they had learned from their principals at St. Louis, who are the owners of the goods, that at St. Louis the damage had been assessed at not under ten nor over thirty-five per cent.

This new appraisement at St. Louis induces the belief that there was error in the appraisement at New Orleans, into which, considering the nature of the goods, the appraisers may have fallen, either from making too superficial an examination or from being deceived by the appearance of the iron when the ship was just unloaded.

The evidence furnished on this subject by the answers of the plaintiffs to interrogatories, leaves it a matter of conjecture as to the extent of the damages, as ascertained by the appraisement at St. Louis, and considering the plaintiffs are only agents of the owners of the goods, we think justice will be promoted by subjecting the case to a new trial, when such details can be had in regard to the appraisement at St. Louis, and probably as to what the goods were sold for, as will enable the court to form a correct estimate of the actual damage which had been sustained on the arrival of the ship at New Orleans.

It is therefore decreed, that the judgment of the court below be reversed and the case remanded for a new trial, with leave to either party to take out commissions to take testimony at St. Louis, and that the plaintiff pay the costs of the appeal.