Y. QUADRAS & Co. v. STEAMSHIP DANIEL WEBSTER, CAPTAIN AND OWNERS.

The measure of the carriers' liability is the value at the port of destination, of similar goods, delivered in good order.

Where interrogatories are propounded to certain witnesses by name, "and others," and crossed without any objection reserved, the depositions of witnesses not named in the affidavit for commission, nor in the interrogatories, are admissable.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
  *Collins*, for plaintiff. *Hart & Clack*, for defendants and appellants.

BUCHANAN, J.* This is an action upon a contract of affreightment, for damage to twelve thousand cigars, on a voyage from New Orleans to San Juan de Nicaragua.

The measure of damage assumed by the plaintiffs and adopted by the judge *a quo*, is the invoice price, with ten per cent. added for charges and thirty per cent. for anticipated profits. We take the rule to be, that the value at the port of destination, of similar goods delivered in good order, is the measure of the carriers' liability. *Oakey* v. *Russell*, 6 N. S., 60; *Boyle* v. *Dickinson*, ibid, 102; *Porter* v. *Curry*, 7 L. R., 240; *Rathbone* v. *Neal*, 4 Ann., 563.

That value is proved, in the present case, to have been $600. Add $22 for costs of survey and certificate, and deduct the net proceeds of sales at auction, $188 72,—there remains a balance of $433 28, for which the ship is responsible.

There are several bills of exception in the record, of which only one requires notice.

The defendants excepted to the evidence of two witnesses, *Gilbert* and *Mancho*, examined at Greytown, because their names are not found in the affidavit for commission, nor in the interrogatories. The district court did not err in admitting these depositions. The interrogatories were propounded to several witnesses by name, "and others," and were crossed without any objection reserved. This case is covered by that of *Denton* v. *Murdock*, 5th Rob., 128.

The judgment of the district court is reversed; and it is adjudged and decreed that plaintiffs recover of defendants $433 28, with legal interest from October 21st, 1853, and privilege on the property sequestered, and costs of the district court; those of appeal to be paid by plaintiffs.

---

* LEA, J., not being present at the argument, took no part in this decision.