(92 South. 395)

No. 25037.

## C. H. RICE & SON v. PAYNE, Agent.

### In re YAZOO & M. V. R. CO.

(Feb. 27, 1922. On the Merits, by Division B, May 8, 1922. Rehearing Denied by Division A June 10, 1922.)

*(Syllabus by Editorial Staff.)*

**On Motion to Dismiss Proceeding.**

**1. Certiorari ⬅⟶57—When only question of law presented to Court of Appeal, case reviewable by Supreme Court, though evidence not reduced to writing.**

That a case was tried de novo in the Court of Appeal and that the evidence was not reduced to writing, does not prevent review by the Supreme Court, where defendant admitted the truth of plaintiff's allegations, and the only question before the Court of Appeal was the question of law whether the facts alleged warranted the judgment rendered.

**2. Certiorari ⬅⟶15—Cases tried in Court of Appeal on question of fact should not be brought to Supreme Court.**

Cases tried by the Court of Appeal on a question of fact should not be brought to the Supreme Court for review, even though the evidence be in the record.

**On the Merits.**

**3. Carriers ⬅⟶229(2) — Liable to commission merchant for commission on cattle erroneously delivered to another commission merchant.**

A carrier negligently delivering a shipment of cattle consigned to a commission merchant for sale to one of his competitors in business, who sold the cattle and retained the commission, was liable to the consignee for the loss of his commission, which he had virtually earned and would have received but for its negligence.

**4. Carriers ⬅⟶94(3)—Value of shipment to consignee is test of liability for negligence.**

When freight has been received by a carrier for shipment, it becomes the property of the consignee or holder of the bill of lading, and its value to him is the test of liability of the railroad company for negligence in case of misdelivery, and, though the bill of lading be not regarded technically as a stipulation pour autrui, the carrier is bound not to cause loss to the consignee by its negligence.

**5. Corporations ⬅⟶423—Liable for negligence of employees.**

Under the doctrine of respondeat superior, a corporation is no less liable for an injury resulting from negligence than for an injury resulting from willful wrongdoing on the part of its employees in the course of their employment.

Certiorari to Court of Appeal, Parish of Orleans.

Action by C. H. Rice & Son against John Barton Payne, Agent. A judgment for plaintiff was affirmed by the Court of Appeal, and the Yazoo & Mississippi Valley Railroad Company applies for certiorari or writ of review. Affirmed.

Lemle, Moreno & Lemle, of New Orleans (W. S. Horton, of Chicago, Ill., Charles N. Burch and H. D. Minor, both of Memphis, Tenn., and Hunter C. Leake, of New Orleans, of counsel), for applicant.

E. R. Mabry, of New Orleans, for respondent.

By the WHOLE COURT.

### On Motion to Dismiss Proceeding.

O'NIELL, J. This suit was brought originally in the city court. The defendant, railroad company, filed an exception of no cause of action, which was overruled. The suit was then put at issue and tried on its merits; and judgment was rendered in favor of plaintiff. On appeal, the exception of no cause of action was reargued and was sustained by the Court of Appeal. On application of plaintiff, a rehearing was granted, and the only question then argued was whether the petition disclosed a cause of action. The court overruled the exception of no cause of action and rendered judgment in favor of plaintiff, affirming the judgment which had been rendered by the city court on the merits of the case. The case is before us on a writ of review, issued at the instance of the defendant.

[1, 2] Plaintiff has filed a motion to dis-

miss the proceeding, on the ground that the case was tried de novo in the Court of Appeal and the evidence was not reduced to writing. The rulings in Broderick v. Blunt, 120 La. 1051, 46 South. 20, and Gaiennie Co. v. Bouchereau, 130 La. 446, 58 South. 143, are cited in support of the motion. Our opinion is that the rulings cited do not warrant a dismissal of the proceeding in this case. The ruling in each of the cases cited was, not that this court would never review a case tried de novo in the Court of Appeal, but that this court could not, without the evidence, review a case depending upon a question of fact. In truth it was never contemplated, and is not intended by this court, that any case decided by the Court of Appeal on a question of fact should be brought here for review, even though the evidence be in the record.

In the case before us, it was and is yet conceded by the relator, railroad company, that the allegations in plaintiff's petition are true, and that the judgment complained of is correct, if the allegations disclose a cause or right of action. The opinion rendered by the Court of Appeal also shows that the only question presented is a question of law, i. e. whether the facts alleged in plaintiff's petition warranted the judgment that was rendered.

The motion to dismiss the proceeding is overruled.

ST. PAUL, J., recused.

### On the Merits.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. [3] The question propounded in this case is whether a consignee, a commission merchant, whose goods were negligently delivered by the employees of a railroad company to one of his competitors in business, has a right of action against the railroad company to recover the loss of his commission on the goods. The facts of the case are not disputed. Plaintiff is engaged in the business of selling live stock on commission, in the city of New Orleans. One of plaintiff's customers, a cattle dealer, in Fayette, Miss., shipped a carload of cattle from that place, consigned to plaintiff at New Orleans. The shipper promptly forwarded the bill of lading to the consignee, with instructions to sell the cattle on the open market on a stipulated commission. The consignee received the bill of lading before the shipment had arrived in New Orleans, and was prepared to receive and sell the cattle. The employees of the railroad company, through some error on their part, delivered the cattle to another commission merchant, who paid the freight, sold the cattle on the open market, and, deducting the freight and the customary commission, remitted the net proceeds to the shipper. The consignee was thus deprived of the commission, amounting to $30. The consignee sued the railroad company and obtained judgment for the amount of the commission, which was affirmed by the Court of Appeal. The case is before us on a writ of review.

The argument on behalf of the railroad company is founded upon the doctrine that the liability of a common carrier for a failure to deliver a shipment of freight is limited to the value of the goods on the market, at the place where, and time when, the goods should have been delivered. Oakey v. Russell, 6 Mart. (N. S.) 58; Porter v. Curry, 7 La. 233; Rathbone v. Neal, 4 La. Ann. 563, 50 Am. Dec. 579; Price, Frost & Co. v. The Uriel, 10 La. Ann. 413; Y. Quadras & Co. v. The Daniel Webster, 11 La. Ann. 203; A. D. Grieff & Co. v. Captain Switzer, 11 La. Ann. 324; Lewis & O'Niel v. The Success, 18 La. Ann. 1; Simon & Loeb v. Steamship Fung Shuey, 21 La. Ann. 363; Silverman v. St. Louis, I. M. & S. R. Co., 51 La. Ann. 1785, 26 South. 447; Armistead v. Shreve-

port & Red River Valley Ry. Co., 108 La. 171, 32 South. 456; Mobile & Montgomery Ry. Co. v. Jurey & Gillis, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527; Hutchinson on Carriers (3d Ed.) §§ 1358 and 1360, pp. 1609 and 1610.

[4, 5] This measure of damages, in such case, does not include improbable or remote losses, such as were not in contemplation when the contract of affreightment was entered into. And it may be that the net value to the shipper should not include a commission which he would have to pay for disposing of the goods at the place of delivery. But, when freight has been received by a carrier for shipment, it becomes the property of the consignee or holder of the bill of lading. Its value to him is the test of liability of the railroad company for its negligence in this case. The fact that the commission which plaintiff had virtually earned, and which he would have received but for the negligence of the railroad company, went to the profit of the merchant to whom the shipment was erroneously delivered is a matter of no satisfaction to plaintiff. Although the obligation of the contract between the carrier and the shipper, on the part of the carrier to deliver the freight to the consignee named in the bill of lading, may not be regarded, technically, as a stipulation pour autrui, making the consignee a party to the contract, nevertheless the carrier was under obligation not to cause loss to the consignee by negligence on the part of the carrier's employees. Under the doctrine of respondeat superior, a corporation is not less liable for an injury resulting from negligence than for an injury resulting from willful wrongdoing on the part of its employees in the course of their employment. Therefore, if the limit of liability of a railroad company to a shipper of freight, by the terms of the contract between them, should exempt the company from liability to the consignee for loss resulting directly from a negligent de-

livery of freight to some one else, the same limit of liability would, on principle, exempt the company from liability for a willful diversion of the shipment. Such a doctrine could not be reconciled with any principle of justice; for it would violate the rule that every one is answerable for his own fault or negligence.

Inasmuch as this is an interstate shipment, and therefore governed by federal regulations, the attorneys for the railroad company say that the case is controlled by the decision in Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. Our opinion is that the decision is not appropriate to the case before us. The question presented in Croninger's Case was whether a stipulation, in a receipt issued by a carrier for an article received for shipment, limiting the carrier's liability to a declared value, agreed to for the purpose of adjusting the rate, was forbidden by the provisions of the Carmack Amendment of June 29, 1906, to Act February 4, 1887, § 20 (U. S. Comp. St. §§ 8604a, 8604aa), that no contract, receipt, rule, or regulation should exempt the common carrier, railroad, or transportation company from the liability thereby imposed. The ruling was that the carrier could, at common law, by a fair, open, just, and reasonable agreement, limit the amount recoverable by the shipper in case of loss or damage, to an agreed value, fixed for the purpose of obtaining the lower of two or more rates, proportioned to the amount of the risk. The shipper had, for the purpose of obtaining a lower rate, placed a value upon the article less than its actual value; and the court held him to the stipulation in the contract, that the liability of the carrier to the shipper, for the loss of the article, was limited to the value which the shipper had put upon it. The case before us has no such feature; for there was no agreement here between the carrier and the shipper, or stipulation

in the bill of lading, regarding the value of the cattle.

The judgment is affirmed.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.