S. PFEIFFER & COMPANY v. R. F. MAYER & COMPANY, Appellant

---

(November 30, 1925, Opinion and Decree.)
(December 14, 1925, Rehearing Refused.)
(February 1, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Brokers—Par. 27, 28.**
A broker, though an agent of him who employs him originally, becomes also the broker of the other party when the bargain between the principals is definitely settled.

2. **Louisiana Digest—Brokers—Par. 8, 12, 13.**
"The obligations of a broker are similar to those of an ordinary mandatary, with this difference, that his engagement is double and requires that he should observe the same fidelity towards all parties and not favor one more than another." R. C. C. Art. 3017.

Appeal from the First City Court of New Orleans, Section "B", Hon. Val J. Stentz, Judge.

This is a suit for damages. Defendant pleaded exception of vagueness, and no cause of action. The exceptions were referred to the merits and after trial judgment was rendered for plaintiff. Defendant appealed.

Judgment affirmed.

WESTERFIELD, J. Dissents.

Louis L. Rosen, of New Orleans, attorney for plaintiff, appellee.

Bernard Titche, Jr., of New Orleans, attorney for defendant, appellant.

BELL, J. This is a suit for damages in the sum of $135.00. The plain-

tiff company, wholesale grocers and exporters at New Orleans, sues the defendant company, produce sale agents and brokers, also of New Orleans. On December 19, 1923, plaintiff, S. Pfeiffer & Company, bought a carload of potatoes of defendant, R. F. Mayer & Company, who was acting as agent and broker for the Boyle Company, a produce corporation doing business at Wichita, Kansas. Defendant, on the same day, notified The Boyle Company of the sale, and also gave to plaintiff written confirmation thereof. On December 22, 1923, The Boyle Company telegraphed defendant not to sell the carload of potatoes "until arrival". It is claimed that defendant failed to notify plaintiff of the receipt and contents of the telegram until January 7, 1924, and that only upon that day did defendant inform plaintiff that the carload of potatoes had been diverted and sold to a party at Mobile, Alabama. It is further claimed that the rise in the market occurred between December 24, 1923, and January 7, 1924, and that if defendant had notified the plaintiff of the cancellation of the contract on December 24, when the telegram from The Boyle Company was received, plaintiff could have replaced the potatoes at contract price. The action, which is one *ex delicto*, is based on the alleged negligence of defendant in the manner above noted.

Defendant answers by pleading vagueness in plaintiff's petition, and that it discloses no cause of action, alleging that plaintiff's demands are inconsistent, and averring that plaintiff be compelled to elect whether the action is upon contract or tort; defendant answers by admitting the sale. It avers plaintiff well knew that the contract referred to was made by defendant on behalf of The Boyle Company as the latter's agent; that on December 24, when finally advised by The Boyle Company that it would not deliver the specific carload of potatoes sold, defendant immediately notified plaintiff to

that effect, and that the market price of potatoes was practically unchanged between the original date of sale, to-wit, December 19, and the date of notice that no delivery would be made, to-wit, December 24. Defendant specially avers that at no time did it exceed its authority, but that, on the contrary, all of its actions were specifically authorized by The Boyle Company.

The trial judge, refusing to direct an election by plaintiff as to the nature of the action (Slawson vs. McCaffery, Manning's Unreported Cases, 313), properly referred all exceptions to the merits, and after due trial rendered judgment for plaintiff in the amount claimed. Defendant has appealed.

The important question here involved is whether defendant owed a duty imposed by law to immediately notify plaintiff that the shipment would not be made as agreed upon in the contract. Under the plain provisions of the Civil Code, as well as from the facts of this case, which disclose the nature of defendant's business, there is no room for doubt that defendant, while perhaps acting originally for The Boyle Company, became the broker of both the seller and the buyer in the transaction of sale from the moment of the confirmation, J. & G. Lippman vs. Rice Millers' Distributing Co., 156 La. 471, 100 South. 685; Maloney vs. Aschaffenburg, 143 La. 527, 78 South. 444; Southern Cotton Oil Co. vs. Shreveport Cotton Oil Co., 111 La. 387, 35 South. 610; Hugh Allison & Co. vs. L. M. Watson, 36 La. 616; Woods, Slayback & Co. vs. Rochi, 32 La. 210; McLean vs. Elliott, 27 La. 385; Rice and Son vs. Payne, 151 La. 949, 92 South. 395.

On December 19, 1923, as shown by the written confirmation of sale sent to plaintiff, the relation of broker was assumed by defendant toward plaintiff in respect to all dealings arising under the contract, as well as all duties imposed by such relation.

Civil Code, Article 3016:

"The broker or intermediary is he who is employed to negotiate a matter between two parties and who, for that reason, is considered as the mandatary of both."

Civil Code, Article 3017:

"The obligations of a broker are similar to those of an ordinary mandatary, with this difference, that his engagement is double, and requires that he should observe the same fidelity towards all parties, and not favor one more than another."

Aside from the commentaries of text writers and *Corpus Juris* to which we are referred regarding the law of agency and sales, the principle of the Civil Law—quite in accord with that of the Common Law as applied to all mandataries, whether brokers or agents—is well expressed in Todd vs. Bourke, 27 La. Ann. 385, 389. In that case, brokers of negotiable papers, as original representatives of the holder of a forged mortgage note, induced the plaintiff, a woman, to purchase the note upon false representations, which could not have possibly been made if the brokers had ascertained by actual investigation, the real facts regarding the property, the note and the act of mortgage involved in the transaction. The court, observing the provisions of the Civil Code, as noted by us in the instant case, held that the brokers, as well as the vendor of the note, were liable *in solido* to the purchaser. It was there said:

"We must, from the evidence, regard the relations of these two defendants towards the plaintiff as being something more than those of brokers. Their functions and obligations did not cease upon merely bringing together the parties that were to contract and leaving them to arrange their business as they saw best. We must regard them in the light of mandataries, and having assumed the character themselves, they were bound to use the same diligence and precaution to prevent fraud being practiced upon the plaintiff that a prudent person would use in regard to his own affairs."

This principle of law has been frequently enunciated by the Supreme Court of the State in its later decisions already noted by us. We have given careful attention to the authorities cited by counsel for appellant, especially those of Delaney vs. Rochereau, 34 La. Ann. 1123, and Humber vs. Reid, 49 Ga. 207. These cases involve the non-liability of an agent to a stranger or third party. Neither the facts nor the law involved in these decisions are applicable to the instant case.

We are of the opinion that defendant was the broker and mandatary of plaintiff and, as such, was obligated to observe and perform toward plaintiff every duty involving necessary notice, such as would obviate any possible loss arising from failure of the seller to consumate the contract existing between the principals thereto. The exception of no cause of action here pleaded is without merit.

There remains for determination the question of fact whether defendant withheld from plaintiff the important information contained in the two telegrams sent by The Boyle Company on December 22, 1923, one of which was not delivered to defendant until December 24, 1923. The evidence in resepect to the delivery of these wires is conflicting; the plaintiff's witnesses testify that the information contained in these telegrams was not notified to the plaintiff at any time. The defendant's witnesses on the other hand, strenuously deny this fact, and testifies that on the morning of December 24, the information was conveyed to the plaintiff. In connection with this contradictory evidence, there are other facts in the case which must be considered and which lead us to conclude that the existence of the telegrams showing the diversion of the shipment was never communicated to the plaintiff until March 31, 1924, and then only by letter sent to plaintiff's counsel by The Boyle Company. There is also a telegram

dated January 3, 1924, sent by plaintiff to The Boyle Company, in which inquiry was made of the shipper as to the delayed shipment. It is reasonable and proper to conclude that such a telegram would not have been sent by the plaintiff if, prior to January 3, information about the aforesaid telegrams, sent by The Boyle Company to defendant, had been conveyed by defendant to plaintiff. There is positive proof also that when plaintiff requested of defendant copies of all correspondence had between defendant and The Boyle Company regarding this shipment, the only papers missing in this correspondence were the two telegrams referred to. We are satisfied, in any event, that plaintiff never had the slightest intimation of the diversion of the shipment or its final cancellation by The Boyle Company until January 7, the date upon which purchase of the replacement shipment was made by plaintiff.

We have attentively reviewed all the documents and testimony found in the record, and are of the opinion that a preponderance of evidence sustains the judgment appealed from.

There is no serious contestation as to the quantum of damages claimed by the plaintiff. The amount allowed is approved.

It is therefore ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's cost in both courts.