## IZQUIERDO v. KENNER ET AL.

———

(June 24, 1929.  Opinion and Decree.)
(October 21, 1929.  Rehearing Refused.)
(December 3, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

———

Solomon S. Goldman, of New Orleans, attorney for plaintiff, appellee.

Huddleston Kenner, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit for the return of a deposit in the sum of $190, made by plaintiff with a real estate agent, under the terms of an agreement to buy and sell certain real property belonging to the defendant, coupled with a demand for $155.95 damages alleged to be due as a result of defendant's breach of the agreement to sell.

Plaintiff and defendant, Duncan F. Kenner, entered into an agreement whereby plaintiff agreed to buy and defendant to sell certain property of defendant for the sum of $1,900, "$1,500 cash, balance of $400 loan from homestead. Title to be delivered free from encumbrances. Title to be subject to examinaton and approval of purchaser's attorney." Pursuant to the terms of the agreement, plaintiff deposited with a real estate agent, S. A. Harvey, with whom defendant's property had been placed for sale, $190 "on account of the purchase price to bind the sale." The title was objected to by the attorney for the homestead association, to which plaintiff had applied for the loan, upon the ground that there was an outstanding tax title. Defendant was either unable or unwilling to remove this cloud upon his title and the agreement of sale was never consummated, the property being subsequently sold to someone else at an advance of $100 in price. In the meantime plaintiff had incurred an expense of $60.45 in connection with the examination of the title, for attorney's fees, survey, certificates, etc. This expense, together with an item of $95.50, an amount expended by plaintiff for dirt filling placed on the property, makes up the item of $155.95 claimed as damages.

This suit was brought against Kenner and Harvey, in solido, for the sum of $190 and an additional judgment was prayed for as against Kenner alone in the sum of $155.95. The defendant, Harvey, filed an exception of no cause of action and the defendant, Kenner, an exception of vagueness, of mis-joinder and of no cause of action. The exception of no cause of action filed by Harvey was maintained and plaintiff's suit as to him dismissed. All exceptions filed by Kenner were overruled and an answer filed in which it was admitted that the plaintiff had made the deposit as alleged, but the authority of Harvey to represent defendant is denied. However, the execution of the agreement to sell the property is admitted, a willingness to abrogate same declared, and all claim to the $190 deposited with Harvey abandoned, but all responsibility to plaintiff in any further sum is denied.

There was judgment below against the defendant, Duncan Kenner, in the sum of $250.45, an amount which recognized plaintiff's claim in full, less the sum of $95.50 claimed for filling the property. From this judgment defendant, Kenner, has appealed. Since no appeal was taken from the judgment maintaining the exception of no cause of action as against Harvey, that judgment is not before us on review. However, on this point see Maloney vs. Aschaffenburg et al., 143 La., at page 528, 78 So. 761.

Harvey was the agent of both parties. Pfeifer & Co. vs. Mayer & Co., 3 La. App. 289; Civil Code, art. 3017.

Defendant's title did not meet the approval of the purchaser's attorney and no effort was made to correct the defects pointed out. It is unnecessary to consider whether, as a matter of fact, the title is good or bad. Hardtner vs. Dixie Oil Co., Inc., 163 La. 1011, 113 So. 357. Plaintiff was entitled to be reimbursed for the expense incurred by him for certificates, attorney's fees and survey in connection with the examination of the title. Jacobs vs. Freyhan, 156 La. 585, 100 So. 726. The cost of filling the lot should also be returned to plaintiff because it increased the value of defendant's property. In point of fact, defendant sold the property shortly after the rejection of the title by plaintiff's counsel for an advance of approximately the same amount as the sum expended for filling. Civil Code, arts. 508, 1964, 1965. Police Jury vs. Hampton, 5 Martin (N. S.) 389; Pearce et al. vs. Frantum, 16 La. 414. The plea of prescription of one year filed by counsel against the claim for damages, upon the ground that his claim is in tort, is not well founded. Plaintiff's demand in this respect, as properly suggested by him, flows from the relation of negotiorum gestor under a quasi contract. Police Jury vs. McDonogh, 10 La. Ann. 395.

From what has been said, it follows that the judgment appealed from must be amended by increasing the amount awarded plaintiff to the sum of $345.95, and as thus amended, it is, for the reasons herein assigned, affirmed.