156 So.2d 328 (1963)
Philip C. TREADAWAY
v.
Nick PIAZZA.
No. 1100.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1963.
Rehearing Denied October 2, 1963.
*329 Polack, Rosenberg, Gex & Rittenberg, Lucien M. Gex, Jr., New Orleans, for plaintiff-appellee.
Edmond G. Miranne, Lee C. Grevemberg, New Orleans, for defendant-appellant.
Before REGAN, YARRUT and HALL, JJ.
YARRUT, Judge.
Plaintiff is a real estate broker who sues Defendant to recover a 6% commission and attorney's fee he claims to be due by Defendant as the defaulting purchaser in a contract for the sale of real estate for $6500.00, in procuring which Plaintiff was the broker. The terms were $1300.00 cash and $5200.00 financed by a mortgage loan, conditioned upon the ability of Defendant to finance the mortgage through any lending agency; failing in which vendor would finance the mortgage, if Defendant's credit rating was good. The agreement also provided for Defendant to make a 10% deposit on account of the purchase price.
The 10% deposit was never made by Defendant, but he did apply for a loan from a local building and loan association, which refused to make the loan, which fact was imparted to Plaintiff. Whether or not vendor was informed by Plaintiff of Defendant's failure to obtain a loan from a lending agency, or vendor refused or agreed to *330 finance the mortgage, is not made clear in the record. The record does disclose that, when Defendant advised Plaintiff of his failure to obtain a loan Plaintiff insisted that the 10% deposit be made, otherwise Defendant would be considered in default.
Further, the record discloses that though vendor did not put Defendant in default, vendor sold the property to another purchaser through Plaintiff as agent, the latter receiving the usual commission for making the sale.
The lower court rendered judgment in favor of Plaintiff and against Defendant, from which Defendant has appealed.
The only liability Defendant would have to pay Plaintiff's commission would be if he had failed, in bad faith, to obtain a loan from any lending agency, or had refused to take title from the vendor with a vendor's lien and mortgage securing the unpaid part of the purchase price. The only default alleged by Plaintiff is Defendant's failure to make the 10% deposit, not that he failed, in bad faith, to obtain a loan from a lending agency, or refused vendor as his lender.
It is well-settled that an agreement to purchase an immovable, conditioned upon purchaser's ability to obtain a stipulated loan to finance the purchase, is a contract subject to a suspensive condition. If the purchaser, through no fault of his own, is unable to obtain such loan, he is released and entitled to the return of his deposit.
A real estate broker is entitled to recover his commission from the purchaser if the latter fails to complete the agreement due to his lack of good faith in seeking the necessary loan stipulated in the agreement.
Recently, in the case of Richmond v. Krushevski, 243 La. 777, 147 So.2d 212, it was held that, where an agreement to purchase required a deposit by the purchaser, and was contingent upon purchaser's ability to obtain a suitable loan, the agreement, including the obligation to make the deposit, became a nullity when purchaser was, in good faith, unable to obtain a suitable loan; and vendor could not recover for the failure of purchaser to make the deposit. The court held that, to make the deposit, preliminary to recovering it, due to his failure to obtain the necessary loan, would be a useless and vain step. If the failure to make the deposit was not claimed as a breach by the vendor, a fortiori it cannot be a breach quoad his agent, who would be entitled to a commission only if the purchaser were responsible for the failure to complete the agreement of sale. LSA-C.C. art. 2021; McPherson v. Warren, La.App., 55 So.2d 30; Johnson v. Graham, La.App., 35 So.2d 278; Stephen L. Guice & Co. v. Perkowski, La.App., 12 So.2d 692.
When a prospective vendor engages the services of a real estate broker, the legal relationship is that of principal and agent. However, once the broker finds a prospective vendee, the broker becomes an agent or mandatory of both parties. LSA-C.C. Art. 3017; Martin v. Fontenot, La. App., 27 So.2d 457; Pfeiffer & Company v. R. F. Mayer & Company, 3 La.App. 289; Beal v. McKiernan, 6 La. 407.
When Plaintiff received the letter of March 7 from Defendant, requesting that vendor finance the sale in accordance with the terms of the purchase agreement, Plaintiff was under a fiduciary obligation to Defendant to present the request to the vendor.
Plaintiff assumed the role of vendor, rather than that of joint agent. It was Plaintiff who made the demands for the deposit, and ignored Defendant's request that the vendor finance the sale; and who, alone, decided the agreement was null and void because of Defendant's alleged breach.
The record indicates clearly that it was Plaintiff's failure or refusal to notify the vendor of Defendant's inability to obtain the necessary loan, for which Defendant was in no manner responsible.
*331 The only possible interest Plaintiff could have in the deposit, which failed to materialize because Defendant was not in default, are the following provisions in the agreement of sale:
"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.
"In the event the deposit is forfeited, the commission shall be paid out of this deposit, reserving to the seller the right to proceed against the purchaser for the recovery of the amount of commission."
For the reasons herein assigned, the judgment appealed from is reversed, and there is now judgment in favor of Defendant, dismissing Plaintiff's suit; Plaintiff to pay costs in both Courts.
Reversed and rendered.