293 So.2d 601 (1974)
John W. KLOTZ
v.
GERTRUDE GARDNER, INC., et al.
No. 6148.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
Writ Refused July 1, 1974.
*602 Louis R. Koerner, Jr., New Orleans, for plaintiff-appellant.
Post & Blaize, Daniel A. Post, Metairie, for Gertrude Gardner, Inc., defendant-appellee.
Helene McG. Walker, New Orleans, for William F. Kernan, Jr., defendant-appellee.
Albert L. Dart, in pro per.
Before GULOTTA, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff appeals from a judgment maintaining an exception of no cause of action filed by defendant, William F. Kernan, and a second judgment dismissing his suit against defendants, Gertrude Gardner, Inc. and Albert L. Dart, trial on the merits.
In October, 1971, plaintiff enlisted the services of Mrs. Cornelia H. Gundlach, a real estate agent employed by Latter & Blum, Inc., for the purpose of purchasing a home in the City of New Orleans where plaintiff anticipated moving with his family from Missouri. Through her efforts he became interested in a house owned in part by Dart and listed for sale with Gardner. On December 5, 1971, plaintiff signed an offer to purchase the house for $33,000 on Latter & Blum's standard real estate form agreement to purchase and to sell. This agreement which under its terms was to remain open until midnight, December 6, 1971, was presented by Mrs. Gundlach to Kernan, a real estate agent in the employ of Gardner. On December 6 plaintiff was advised by his agent, Mrs. Gundlach, that she had been informed by Kernan that the offer to purchase for $33,000 was unacceptable but that the owner would accept $35,000 on the same terms and conditions which had been incorporated in plaintiff's original offer to purchase. Some telephone conversations then took place between plaintiff and Mrs. Gundlach in an effort by plaintiff to change one of the original conditions from 80% financing to 90% financing, but on the evening of December 6 plaintiff informed Mrs. Gundlach that he would take the property for the $35,000 and on December 7 he sent a telegram to Mrs. Gundlach as follows:
"Reference my offer to purchase 1019 Constantinople. Confirm my verbal agreement of 6 December, counteroffer of $35,000 accepted."
The evidence shows that Dart never signed any agreement to sell his property for $35,000 and that on December 16 he entered into an agreement to sell the property to a third party for something slightly over the $35,000 on Gardner's standard form agreement to purchase and sell real estate.
Plaintiff's suit against Dart is based on the theory that with his telegram of December 7 he had accepted a counteroffer of $35,000 and is entitled to double the amount of the deposit, which would normally have been posted by purchaser under such an agreement. His suit against Kernan and Gardner is for damages allegedly sustained as a result of Kernan's causing plaintiff to believe that he had a binding contract to purchase the property when he (Kernan) knew or should have known that the owner would not accept plaintiff's offer. Plaintiff sues Dart also on the theory that he participated with Kernan and Dart in causing plaintiff to suffer damage. Thus, plaintiff's case is based upon an alleged contract between him and Dart and alternatively on a theory of tort or breach of fiduciary duty somehow owed to him by defendants.
It is clear that no binding contract was ever entered into between plaintiff and defendant to purchase and sell the property. Louisiana jurisprudence is firm and consistent on the point that agreements *603 to buy and sell real estate must be in writing to be binding and enforceable. Halsmith v. Castay, 17 La. Ann. 140; Roy O. Martin v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257. See LSA-C.C. Art. 2275, 2439, 2440 and 2462. Plaintiff's reliance on the case of Alley v. New Homes Promotion, Inc., 247 So.2d 218 (La.App. 4th Cir. 1971), is to no avail because the facts and circumstances of that case clearly distinguish it. See 33 La.L.Rev. 344 (Winter 1973).
Plaintiff's alternative demand against defendants is likewise without merit. In the first place the facts do not show that plaintiff was in any way misled by defendants. He never had any direct relationship whatsoever with any of the defendants but dealt exclusively through his agent, Mrs. Gundlach. While Mrs. Gundlach had the impression from talking to Kernan that Dart would take $35,000 for his property there is no evidence whatsoever to show that Dart himself ever decided to take that price. And even if he had at some point in time until he committed himself to do so in writing he was under no obligation to anyone.
Plaintiff insists that he was misled by Kernan into believing that Dart would take $35,000, and because of that he moved his family prematurely from Missouri and incurred much inconvenience and expense. The trial judge would not permit plaintiff to call Kernan for cross examination under the provisions of LSA-C.C.P. Art. 1634. Plaintiff specifies error on this point because even though Kernan was not a party to the suit when the case was tried because his exception of No Cause of Action had been previously maintained, Gardner, Kernan's employer, was a party. But a resolution of this question is not essential to a decision in this case. If Kernan had testified under cross examination, the best he could have said from plaintiff's point of view is that he was under the firm impression from his dealings with Dart that Dart would accept $35,000, but neither Kernan nor anyone else had any right whatsoever to rely upon any verbal commitment Dart may have made. Had anyone done so it would have been to his detriment.
As a matter of law, plaintiff had no right to rely on any verbal indications that Dart would take $35,000, and the evidence shows that he was warned against doing so. On cross examination, plaintiff was asked whether Mrs. Gundlach had told him that a verbal offer was not necessarily binding and he answered that "I remember definitely she telling me that it's best to have real estate things in writing because they are legal and if they are not in writing they may or may not be legal..." Thus, from his own testimony it is clear that plaintiff had no right to rely on these vague and general verbal representations that Dart would take $35,000 for the property.
Finally, plaintiff contends that Kernan and Gardner breached some fiduciary duty they owed to him in the premises. Relying on the case of Treadaway v. Piazza, 156 So.2d 328 (La.App. 4th Cir. 1963) and LSA-C.C. Arts. 3016 and 3017, he contends that Kernan and Gardner became his agents as well as agents of Dart and that they breached a duty they had to him. But the fallacy of plaintiff's position is in the fact that Kernan at no time became his agent but at all times plaintiff was represented exclusively by Mrs. Gundlach. Unlike the situation in the Treadaway case where the seller's agent negotiated directly with the purchaser and was found to have become the mandatary of both parties, in the instant case the purchaser and seller each had his own agent.
Accordingly, the judgments appealed from are affirmed.
Affirmed.