347 So.2d 897 (1977)
Rita Mae WOODS, Plaintiff-Appellee,
v.
Gilbert AUSTIN, Jr., Defendant-Appellant.
No. 6031.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Sandoz, Sandoz & Schiff by John H. Weinstein, Opelousas, for defendant-appellant.
Donald Richard, Opelousas, for plaintiff-appellee.
Before HOOD, FORET and HEARD, JJ.
HOOD, Judge.
Mrs. Rita Mae Woods instituted this suit against Gilbert Austin, Jr., to recover the amount she deposited with defendant in connection with an agreement to purchase immovable property. Judgment was rendered by the trial court in favor of plaintiff. Defendant appealed.
A determination of the issues presented involves an interpretation of the terms of the contract, and a decision as to whether plaintiff breached that agreement.
*898 On December 30, 1974, the parties executed an instrument entitled "Agreement to Purchase or Sell," under the terms of which plaintiff agreed to purchase two lots in the City of Opelousas for the sum of $7,000.00. The contract was executed on a printed form which contained several blank spaces, some of which were filled in and some of which were left blank. The document contains the following provision:
"This sale is conditioned upon the ability of purchaser to borrow upon this property as security the sum of $6,200.00 by a mortgage loan or loans at a rate of interest not to exceed _____% per annum, interest and principal payable on or before ____ years in equal __________
 (monthly)
_______________________________________________
(quarterly) (semi-annual) (annual)
installments.
"Should purchaser, seller or agent be unable to obtain the loan stipulated above within 90 days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan."
The figure "$6,200.00" was inserted in a blank space in one of the above paragraphs, and "90" was inserted in a blank space appearing in the other paragraph. Nothing was written in any of the other blanks, but instead, lines were drawn with pen and ink through all other blank spaces in that part of the agreement. Austin testified that he prepared the form of contract which was used and that he had copies of it printed for his own use. He said that he personally drew lines through the above blanks at the time the agreement was executed by Mrs. Woods.
At or about the time the contract was signed, Mrs. Woods paid to or deposited with Austin the sum of $800.00, in cash. The printed form of contract which was used contains a provision to the effect that the purchaser was obligated to deposit a sum of money with the seller's agent, but the agreement does not specify the amount of such a deposit. No figures were inserted in any of the blanks appearing in that part of the contract, but on the contrary lines were drawn through all of those blanks. There thus is no requirement in the contract for the purchaser to make any deposit in connection with that transaction.
Austin is a real estate broker, and in this instance he was acting as agent for the owner of the property, Norman Joseph Savoy. Austin testified that title to the property had been transferred to him temporarily, with the understanding that if he found a purchaser he would transfer the property back to Savoy who would then sell it to the purchaser. Austin would receive a commission for having negotiated the sale.
Immediately after the contract was signed, Austin accompanied Mrs. Woods to The First National Bank in Opelousas, and he assisted her in filling out and submitting to that institution an application for a loan. A few days later Mrs. Woods was notified by the bank that her application for the loan had been rejected. She promptly informed defendant of that fact.
Austin then contacted Percy LaFleur, who was the holder of a promissory note secured by a mortgage on the property which plaintiff had agreed to purchase, and LaFleur told Austin that he would make the loan to plaintiff "at the same interest rate as the bank." LaFleur and Austin concede that they did not know the interest rate which the bank would have charged. LaFleur testified, however, that he intended for the loan to be made under the same terms as were stipulated in his original loan to Savoy, that is, he was to receive 9% per annum interest, and the loan was to be repaid at $40.00 per month.
About one or two weeks later, Austin informed plaintiff that LaFleur would loan her the money she needed, but he did not tell her how the loan was to be repaid, and there is some question as to whether he informed her of the rate of interest she would have to pay. Plaintiff declined the offer of the loan, and she asked Austin to return to her the $800.00 which she had deposited with him at the time the agreement was signed. Austin refused to return that deposit, and thereupon this suit was instituted.
*899 The trial judge held, in effect, that the contract was vague and indefinite as to the interest rate which was to be paid on the loan, that the vagueness or ambiguity in that instrument was to be construed against the defendant, since he prepared the document, and that the evidence failed to show a breach of contract on the part of plaintiff. He thereupon rendered judgment condemning defendant to pay plaintiff the sum of $800.00, that being the amount of the deposit.
A stipulation in a contract to sell, which makes the sale conditioned upon the purchaser's ability to obtain a stipulated loan to finance the purchase, is a contract subject to a suspensive condition. It imposes upon the purchaser the duty to make a good faith effort to obtain the loan. Whether he has acted in good faith depends on the facts and circumstances in each case. If the purchaser, through no fault of his own, is unable to obtain the loan, he is released from his obligation to purchase and is entitled to the return of his deposit. Treadaway v. Piazza, 156 So.2d 328 (La. App. 4 Cir. 1963); Liuzza v. Panzer, 333 So.2d 689 (La.App. 4 Cir. 1976); Morrison v. Mioton, 163 La. 1065, 113 So. 456 (1927).
We agree with the trial judge that the contract involved here is vague, and that its provisions must be construed against the seller, since it was prepared by him. Assuming, however, that Mrs. Woods was obligated to make a good faith effort to obtain a loan of $6,200.00 in order to complete this purchase, we have concluded that she discharged that obligation in this instance.
Immediately after the contract was executed plaintiff submitted an application for a loan to a bank, and she apparently was willing to complete the loan in accordance with the terms set out in that application if it had been approved. Austin had suggested to her that she apply to that particular bank, and as already noted he accompanied her and assisted her in filling out the application. The bank rejected her application for the loan a few days later, assigning as reasons for doing so that her recently deceased husband had had "bad credit references." We think Mrs. Woods made a good faith effort to obtain the loan, and we gather from defendant's brief that he does not question her good faith on that occasion.
Defendant contends, however, that after plaintiff's application for a bank loan was rejected, she then became obliged to accept the offer of a loan which was made by LaFleur, through defendant Austin. It is argued that her refusal to accept that offer of a loan was inconsistent with her duty to make a good faith effort to obtain the financing she needed. We are unable to agree with that argument.
The parties obviously contemplated that plaintiff would apply to a financial institution for a loan, since Austin suggested a particular bank to her, and he accompanied her to that bank for that purpose. When it developed that she was not able to obtain the loan from that bank, we do not believe that she then became obligated to accept any loan which thereafter might have been offered to her, even though the offer was from an individual rather than a financial institution. There was no stipulation in the contract as to the type of loan plaintiff must endeavor to obtain to ratify the condition of the sale, and since the agreement must be construed favorably to plaintiff, we believe she had the right to refuse to accept the loan which was offered to her in this instance. See Katz v. Chatelain, 321 So.2d 802 (La.App. 4 Cir. 1975).
Defendant does not contend that plaintiff should have attempted to obtain a loan from another financial institution. We nevertheless considered that question, and have decided that she was justified in making no such effort. Considering the reasons given by the bank for rejecting her application for a loan, we cannot say that she had reasonable grounds to believe that she could obtain a loan from some other similar institution.
Our conclusion is that there is no error in the judgment of the trial court condemning defendant to return to plaintiff the deposit *900 which she made in connection with this agreement.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.