BEER, Judge.
Plaintiff-appellant, the prospective seller of residential real estate, appeals from the trial court’s dismissal of his claim for forfeiture of the deposit and damages. The purchase agreement contained a stipulation making the sale conditional upon the ability of the prospective purchaser to obtain a loan of $37,850 at 9% for thh’ty years and became null and void in the event that neither purchaser, seller or agent was able to obtain such financing within forty-five days from the date of the agreement.
The stipulated time period passed without a loan being obtained, and appellant filed this suit for forfeiture of the deposit and, also, sought injunctive relief against Wag-uespack Pratt, Inc. to prevent the return of the deposit, alleging that appellees had not attempted to obtain the loan but had, in fact, entered into another contract through Waguespack Pratt, Inc. to purchase a different residential property prior to the expiration of the forty-five days. Appellant further contended that Waguespack Pratt, Inc. was also responsible for the appellees’ failure to obtain financing.
The issues before us are: (1) Did the trial court err in its determination that appellees made a good faith effort to obtain a loan; and (2) Did the trial court err in its determination that Waguespack Pratt, Inc. was not at fault (and thus liable to plaintiff) for appellees’ failure to obtain a loan.
A contract to sell contingent upon the purchaser’s ability to obtain financing is a contract subject to a suspensive condition. Woods v. Austin, 347 So.2d 897 (La.App. 3rd Cir. 1977). Thus, the court must make factual determinations in order to reach the ultimate conclusion as to whether or not a good faith effort to obtain the loan has taken place.
Here, after a very complete hearing, the able trial judge observed as follows:
“This is a relatively simple case and it’s unfortunate that some parties were possibly inconvenienced economically and otherwise by it.
The agreement to purchase and sell is a valid binding contract and is the law between the parties. The pertinent portions of such agreement is reflected insofar as this case is concerned in lines thirteen, fourteen and fifteen of said agreement and as the Court read them an equal burden is placed upon the purchaser, the seller, as well as the agent to obtain the financing in connection with this sale.
I’m satisfied that each of the parties involved made some effort to obtain financing but because of the economic conditions existing at that time, that said financing was impossible.
Under the terms of the agreement, said agreement became null and void and expired by its own terms on August the 20th, 1974.”
He further noted:
“Insofar as the third party demands, other demands against Waguespack-Pratt, I
*635 find that there has been no preponderance of evidence to indicate that they are responsible in any manner. And, the action, both actions against them are dismissed.”
The record clearly supports the factual determinations of the trial court, as does the jurisprudence support the court’s ultimate conclusions based thereupon.
Finding no manifest error and, indeed, being in agreement with the trial court’s judgment, we affirm, at appellant’s cost.
AFFIRMED.