441 So.2d 488 (1983)
Ollie SHEPARD, Plaintiff-Appellant,
v.
Billy CALLOWAY and Big M, Inc., Defendants-Appellees.
No. 15844-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
Williams & Williams by Moses Williams, Jr., Tallulah, for plaintiff-appellant.
Donnie L. Ellerman, Winnsboro, for defendants-appellees.
*489 Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
Plaintiff appeals a judgment rejecting her demand under CC Art. 2463 for the return of double the amount of $2,000 she deposited with the defendant mobile home dealer for the purchase of a mobile home.
The legal issue is the nature of the obligation undertaken by each party. CC Art. 2021. We reverse and render judgment for plaintiff for return of the $2,000.
The $2,000 was given defendant by plaintiff on December 22,1981, in contemplation of her purchase of a new 14' × 70' Fleetwood home for $19,550. Defendant does not dispute the trial court's finding that this sale was conditioned on plaintiff's ability to obtain financing. Defendant assisted plaintiff in applying for financing with CIT, Inc. When CIT declined to finance plaintiff's purchase, plaintiff enlisted the help of a friend, Toney, who further consulted with defendant and attempted to obtain financing elsewhere. On January 18, 1982, defendant sold the Fleetwood home to another customer, telling Toney about this during their consultations about three days later.
Defendant then obtained from another mobile home dealer in another town, a new 14' × 70' Horton mobile home after he talked to plaintiff about buying the Horton. Defendant testified that plaintiff agreed to purchase the Horton and offered an invoice he prepared for the sale for $19,800. Defendant also testified, however, that he gave identifying specifications on the Horton to plaintiff's friend Toney so Toney could put them on a credit application to another financing institution. Defendant and his wife testified that they would not deliver a new mobile home to a customer until that mobile home was paid for. While plaintiff vigorously contended that she did not agree to buy the Horton home, the trial court found to the contrary, saying,
"The trailer is still on the seller's lot ready to be delivered and the demands of plaintiff ... are rejected ..."
The trial court further found that the sale of the Horton was "made" upon Toney advising the seller that "financing was arranged." Even with defendant's help, Toney's efforts to obtain financing for plaintiff were not successful.
Even should we agree, under the principle of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), that the trial court was not clearly wrong in these factual conclusions, the record is abundantly and overwhelmingly clear that the legal effect of the circumstances found by the trial court establishes only a conditional obligation. CC Art. 2021. Defendant knew the institution from which Toney was attempting to obtain financing for plaintiff, he rendered some assistance to Toney, and he was well aware of plaintiff's financial situation, having assisted her in the earlier CIT application. He and his wife made it clear that he would not deliver a new mobile home unless it was paid for, while on the contrary, he said he sometimes did finance some "used mobile homes only." Nothing in the record suggests that defendant contemplated the possibility of financing himself (selling on credit) either the Fleetwood or the Horton to the plaintiff. The sale of the Horton was not conditioned upon Toney advising defendant that "financing was arranged," but was clearly conditioned upon the obtaining of funds by plaintiff to be used to pay defendant the remaining portion of the sales price, approximately $17,000.
A contract to sell which is contingent upon the obtaining of financing is a contract subject to a suspensive condition. This contract does not become effective until the condition occurs. CC 2021, 2043. Woods v. Austin, 347 So.2d 897 (La.App. 3d Cir.1977); Sims v. Ussery, 355 So.2d 633 (La.App. 4th Cir.1978). When the contract does not take effect, the depositor-purchaser is entitled to the return of his or her deposit. Boudreaux v. Elite Homes, Inc., 259 So.2d 669 (La.App. 4th Cir.1972), writ refused; Woods, supra.
Plaintiff's contention that she is entitled to double the deposit under CC Art. *490 2463, however, must fail. If the contract is effective, and where a deposit has been made, "each of the contracting parties is at liberty to recede from the promise; ... he who has given ... by forfeiting ... and he who has received ... by returning ... double." CC 2463. Here the contract was not effective because the suspensive condition (obtaining of financing) never occurred, and secondly, the seller did not "recede" from the promise to sell. Marconi v. Guichard, 242 So.2d 54 (La.App. 4th Cir. 1970). Plaintiff is entitled only to return of $2,000, plus interest from the time she demanded the return, even though she did not pray for interest. CCP Arts. 2164, 1921; Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). While it is clear that Toney made some sort of demand for the return of some of the deposit before suit was instituted, the record does not allow us to determine when such a demand was made. We shall award legal interest only from the date of judicial demand.
Judgment appealed is REVERSED and judgment is hereby rendered in favor of plaintiff, Ollie Shepard, and against defendant, Billy Calloway and Big M, Inc., for $2,000 with legal interest from judicial demand, and for all costs, here and below.