The plaintiff brought this suit to recover from the defendant, a real estate broker, the sum of $300 which was made as a deposit on the purchase price of a certain piece of property owned by the heirs of Sophie Schill. The trial judge rendered a judgment of non-suit against plaintiff on an exception filed by defendant of non-joinder of parties defendant. The plaintiff has appealed.
The plaintiff alleged in her petition that on or about the 29th day of September, 1945, she offered, through said defendant as real estate broker, to purchase certain property in East Baton Rouge Parish for the consideration of $5,500 cash; that said offer was contained in a printed form furnished her by the said defendant, a copy of which is annexed to her petition and made a part thereof; that her offer was accepted by Henry Schill on behalf of himself and for the Schill Heirs, and the said Schill Heirs agreed to pay the commission of the defendant real estate broker, and that she deposited the said sum of $300 with said broker, in accordance with her offer, which amount was to be applied on the purchase price of said property. She further alleged that she notified the defendant broker on two occasions that she was ready and willing to comply with her offer, and the broker informed her that the owners of the property would not comply with the agreement to sell. She therefore asked for a return of the deposit made by her with the defendant real estate broker.
The defendant filed an exception of non-joinder of parties defendant, based on the ground that the Schill Heirs, owners of the property, were necessary parties to the suit, and should be joined therein. *Page 458 
This exception was finally sustained by the trial judge on a rehearing granted by him, and plaintiff was ordered to amend her petition within 10 days so as to make the Schill Heirs parties defendant, and on a failure on her part to so amend her petition, that her suit be dismissed. Plaintiff failed and refused to so amend her petition making the Schill Heirs parties defendant, whereupon the trial judge signed a judgment of dismissal as in case of non-suit. Another exception of non-joinder of parties plaintiff was filed by defendant, but by agreement of counsel, this exception has passed out of the case.
According to the copy of the agreement annexed to the petition and made part thereof, there was an offer on the part of the plaintiff to purchase the property described in the agreement for a specific consideration and this offer was accepted by Henry Schill, acting for the Schill Heirs. Therefore, the contract on its face shows a completed agreement between the offeror, plaintiff herein, and the owners of the property, the Schill Heirs. The deposit was made to be applied on the purchase price of the property. It is not shown that any effort has been made by the plaintiff to force the Schill Heirs to comply with the agreement to sell the property to plaintiff in accordance with the terms of the contract, nor is there anything to show that this contract has ever been nullified or determined to be unenforceable.
[1] It is well settled that where a real estate broker acts in the capacity of an agent in bringing the owner of property and a prospective purchaser together in a completed contract of sale, the broker then becomes the agent of both parties. C. C. Art. 3016. Having thus become the agent of both parties, the obligations of the broker become dual in their nature, and require that he should observe the same fidelity toward all parties whom he represents, and not favor one more than another. C. C. Art. 3017.
It is obvious from this legal situation in which the broker is placed by his dual obligation that he becomes a mere stakeholder of the deposit for the benefit of both the prospective purchaser and the owners of the property. The real parties in interest in a completed contract of sale are the prospective purchaser and the owners of the property. To require the broker to return the deposit made under the contract of sale without determining that the contract is not enforceable by either of the principals would subject the broker to the danger of a claim by one of the parties who might assert a claim under the contract affecting the deposit.
[2] It is well settled that in such a contract of sale a real estate broker cannot be compelled to return a deposit held by him under a completed contract of sale without making the other parties to the contract parties to the suit in order that their rights might be adjudicated in the one proceeding. Maloney et al. v. Aschaffenburg et al. 143 La. 509, 78 So. 761 (on rehearing); Himel v. Fellman, 16 La. App. 347, 132 So. 532, 133 So. 451; Francis v. Blache, La. App., 17 So.2d 29.
Plaintiff cites and largely relies on the case of Dunn v. Spiro, La. App., 153 So. 316, in support of her contention that it was not necessary to join the owners of the property in her suit to recover the deposit from the broker. We do not find that case in point for the reason that the broker who made the alleged contract did not disclose, for whom he was acting. Under those circumstances, the person making the deposit could not sue the principal, or owners of the property, as they were not disclosed in the contract, while in the present case, the owners of the property were not only disclosed by the broker, but the owners themselves undertook to accept the contract and assume its obligations. This fact made the contract one between plaintiff and the owners of the property, the broker becoming merely an intermediary between the parties.
We therefore conclude that the trial judge was correct in sustaining the exception of non-joinder of parties defendant, and for the reasons assigned, the judgment is hereby affirmed. *Page 459