462 So.2d 262 (1984)
Robert BRAYDON, Et Ux.
v.
Ann MELANCON, Et Als.
No. CA 83 1407.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*263 John A. Lieux, Gonzales, for plaintiffs-appellants.
Ralph Tureau, Gonzales, Larry G. Starns, Denham Springs, for defendants-appellees.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is a suit for redhibition against the seller of a house and for negligent misrepresentation against the realtor who negotiated the sale. After trial on the merits, the trial court found that plaintiffs had failed to meet their burden of proof under either of the two theories of recovery. We affirm.
Plaintiffs, Robert and Linda Braydon, purchased a house in Ascension Parish on May 19, 1978, from Ronald Moore and his then wife, Denise Moore. Mr. and Mrs. Moore were subsequently divorced and Mrs. Moore was dismissed from this suit due to having received a discharge in bankruptcy. In the early part of 1979, Ascension Parish was stricken with an extraordinary rain (in excess of 7 inches within a 24 hour period) which flooded not only the Braydon home, but also the majority of the parish. As a result, the Braydon home sustained considerable damage from water standing in the house for some three days. The facts developed at trial show that the house had flooded on one occasion prior to the Braydon's purchase. On the occasion of the first flooding, the house received approximately one-half inch of water for some six hours after an extraordinary rain (also in excess of 7 inches). This fact was not revealed to the Braydons prior to their purchase of the house.

REDHIBITION
While a house's susceptibility to flooding is a redhibitory defect, the mere fact that a house has flooded under extraordinary rainfall is not a redhibitory defect. Susceptibility, as that term is used, means a propensity, proneness or predisposition to flooding under normal conditions. Smith v. Kennedy, 392 So.2d 177, 178 (La.App. 2nd Cir.1980). The fact that some sixty-five percent of Ascension Parish was flooded at the time in question clearly shows that plaintiffs' house was flooded under extraordinary conditions. We find no abuse in the trial court's determination that plaintiffs' damages were caused by an extraordinary rainfall, rather than due to the house's susceptibility to flooding under normal conditions.

NEGLIGENT MISREPRESENTATION
For plaintiffs to recover for negligent misrepresentation, they must prove that there was a duty on the part of defendant realtor to supply correct information, a breach of that duty and the breach must have caused plaintiffs damage. Beal v. Lomas and Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982). We agree with plaintiffs' assertion that defendant realtor had the duty to relay accurate information concerning the property. Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982), writ denied, 427 So.2d 870 (La.1983). However, we agree with the trial court's finding that there was no breach of the duty on the part of defendant realtor.
Plaintiffs testified that they were specifically told by defendant realtor that the property had never flooded. This assertion was contradicted by the testimony of defendant realtor who testified that the subject never came up because no questions were asked regarding flooding, nor did she have any independent knowledge of the previous occurrence. Both defendant *264 Moore and his former wife testified that they never informed the realtor of the prior situation due to the extraordinary conditions under which it occurred. In essence, the trial court was faced with a credibility issue which he resolved in favor of defendant realtor. We find no abuse in this determination. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984).
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs are taxed to plaintiffs-appellants.
AFFIRMED.