509 So.2d 158 (1987)
Horace E. REEVES, et ux.
v.
Stan WEBER, et al.
No. 86 CA 0531.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Byard Edwards, Jr., Ponchatoula, Dennis Kronlage, James A. Dukes, Hammond, for plaintiff-appellee.
Jack Ricci, Metairie, for defendant-appellant Merrill Lynch Realty, Inc., Stan Weber, Carolyn Edwards and Bonnie B. Richardson.
Eddie J. Lambert, William Downing, Baton Rouge, Charles Barbera, Metairie, Robert W. Troyer, Ponchatoula, for Lincoln Financial Corp.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
This is an appeal from a judgment awarding damages to a purchaser of a house for the failure of the real estate agent to disclose information of termite damage when the agent had such information.
On November 15, 1982, Mr. and Mrs. Horace Reeves purchased a house in Ponchatoula, Louisiana. One of the forms signed that day by Mr. and Mrs. Reeves was a certificate of inspection and treatment that stated that the house was termite *159 infested, had been treated but had visible damage to the wood in contact with the ground. The certificate further stated that the exterminator did not estimate a need for repair but that he wasn't a contractor. Mr. Reeves signed this certificate allegedly without reading it. On February 8, 1983, Mr. Reeves discovered the termite damage when he had his house exterior cleaned with a high pressure washer. On May 8, 1984, Mr. and Mrs. Reeves instituted suit against various parties, including the real estate broker and agent that dealt with the sale. A default judgment was rendered against the vendors and the plaintiffs proceeded against the realtors at the trial level. A peremptory exception of prescription was filed on behalf of the real estate broker/agent but this was overruled by the trial judge. After trial, the trial judge found that the real estate agent possessed knowledge of the termite damage and had not provided this information to the purchasers. The basis of this finding was that the realtor had possession of the termite certificate prior to the sale. The trial court further found that this intentional act on the part of the plaintiffs' agent put this within the 10 year prescription period of La.C.C. art. 3544 (now C.C. art. 3499).
The appellant's assignments of error are:
1) that the trial court erred in finding that the real estate agent knew of the termite damage.
2) that the trial court erred in finding that the plaintiff was not aware of the termite problem.
3) that the proper prescriptive period for this action was not the 10 year period of La.Civ.Code art. 3499, as used by the trial court, but should be La.Civ.Code 3492, which provides a 1 year liberative prescriptive period for delictual actions.
The duties of a real estate broker are an unsettled area of law in Louisiana. La.C.C. art. 3016 defines a broker as a person employed to negotiate a matter between two parties, and who for that reason is considered as the mandatary of both. The obligations of a broker differ from those of an ordinary mandatary in that "his engagement is double and that he should observe the same fidelity towards all parties, and not favor one more than another." La.C.C. art. 3017. However, the courts in Louisiana have supplemented the Code's mandate articles by reference to common law rules relating to brokerage contracts. 19 La.L.Rev. 794-795. Other duties are imposed upon real estate brokers as a result of the passage of special real estate statutes. See La.R.S. 37:1431 et seq. Ultimately, the precise duties of a real estate broker must be determined by an examination of the nature of the task the real estate agent undertakes to perform and the agreements he makes with the involved parties. Latter & Blum, Inc. v. Richmond, 388 So.2d 368, 372 (La.1980).
Some cases have imposed common mandatary status on the broker at the time he has found a prospective purchaser. Uhlich v. Medallion Realty, Inc., 334 So.2d 788 (La.App. 4 Cir.), writ denied, 338 So.2d 701 (La.1976); Treadaway v. Piazza, 156 So.2d 328 (La.App. 4 Cir.1963); Martin v. Fontenot, 27 So.2d 457 (La.App. 1 Cir.1946). Treadaway and Martin deal with contractual disputes concerning the agent's commission and not with the mandatary relationship. Later cases from the same circuits specify that the earlier cases were not classifying the relationship as mandate but were only concerned with the recognition of a fiduciary duty. As stated in Mintz & Mintz Realty Co., Inc. v. Sturm, 419 So.2d 981 (La.App. 4 Cir.), writ denied, 423 So.2d 1163 and 423 So.2d 1164 (La.1982): "A real estate broker or salesman (agent) is not considered to be an agent within the purview of the mandate provisions contained in art. 2985 et seq. of the Louisiana Civil Code." See also Leggio v. Realty Mart, Inc., 303 So.2d 920 (La.App. 1 Cir.1974), writ denied 307 So.2d 629 (La.1975).
Since the relationship between brokervendor-purchaser is not mandate, the trial court's assessment of the real estate agent as being an agent of the purchaser for purposes of prescription under La.C.C. art. 3497 is in error. It then becomes necessary for us to determine the type of action *160 involved to determine the prescriptive period.
"Brokers are not responsible for events which arise in the affairs in which they are employed; they are only, as other agents, answerable for fraud or faults." La.C.C. art. 3018. A purchaser's remedy against a real estate broker is limited to fraud under La.C.C. art. 1847(6) (now art. 1953 et seq.) or for negligent misrepresentation[1] under La.C.C. art. 2315. Braydon v. Melancon, 462 So.2d 262 (La.App. 1 Cir. 1984); Davis v. Davis, 353 So.2d 1060 (La. App. 2 Cir.1977).
Proof of fraud must be clearly and convincingly established and not merely by a preponderance of the evidence. The evidence here reflects that the real estate broker/agent knew of a defect. However, it is difficult to conclude there was a failure to disclose it to the plaintiffs since the certificate disclosing the termite problem was signed, but supposedly not read, by the plaintiffs. In any event the facts do not indicate an intentional misrepresentation necessary for the finding of fraud. Josephs v. Austin, 420 So.2d 1181, 1184 (La.App. 5 Cir.1982), writ denied, 427 So.2d 870 (La.1983). The real estate agent here admitted knowledge of the language on the termite certificate but thought that the problem had been corrected by the treatment. Fraud was neither alleged by the plaintiff nor found by the trial court. This issue has not been raised on appeal. Therefore, the purchaser's action here should be limited to negligent misrepresentation.
The broker/agent owes a specific duty to communicate accurate information to seller or purchaser, or both when the circumstances warrant. Braydon, 462 So.2d at 263; Josephs, 420 So.2d at 1185; Guidry v. Barras, 368 So.2d 1129 (La.App. 3 Cir.1979). The real estate broker/agent owes a duty to disclose any material defects of which he is aware to the purchaser. Desoto v. Ellis, 393 So.2d 847 (La.App. 2 Cir.1981); Mintz, at 419 So.2d 983; Guidry, at 368 So.2d 1133. An action by the purchaser, based on a real estate agent's failure to disclose a known defect in the premises, stems from a general duty owed by the broker/agent to the public at large. The action for failing to disclose arises ex delicto, rather than from contract. Since more than one year elapsed between discovery of the defective condition and filing of suit, the action has prescribed. Payne v. Trichel, 397 So.2d 16 (La.App. 3 Cir. 1981); Kearney v. Maloney, 296 So.2d 865 (La.App. 4 Cir.1974).
Without making any factual determination that there was negligent misrepresentation, we find the present suit is based in tort. Mr. Reeves admitted that he discovered the termite damage in February 1983 and no action was taken until May 22, 1984, more than a year from discovery and more than a year and a half after purchase. The peremptory exception of prescription, filed by the real estate agent, should have been sustained.
Since we find grounds to reverse based on appellant's assignment of error number three, we need not examine the remaining assignments of error. All costs are to be paid by appellees.
REVERSED AND RENDERED.
NOTES
[1] Insofar as liability for negligent misrepresentation, brokers and agents are treated the same.