648 So.2d 995 (1994)
Gloria Royer, Wife of/and Gary L. SMITH
v.
REMODELING SERVICE, INC., d/b/a Joe Ford Builders, Latter & Blum, Inc.
No. 94-CA-589.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*997 Gerald A. Stewart, William A. Glennon, III, Metairie, George Scariano, Jefferson, for plaintiffs-appellants Gloria Royer, wife of/and Gary L. Smith.
Jonathan M. Lake, New Orleans, for defendants-appellees Latter & Blum, Inc. and Barbara Dufrene.
Wade A. Langlois, III, Windhorst, Gaudry, Ranson, Higgins & Gremillion, L.L.P., Gretna, for defendant-appellee Remodeling Services, Inc., d/b/a Joe Ford Builders and Joe Ford.
J. Roslyn Lemmon, James A. Holmes, Christovich & Kearney, L.L.P., New Orleans, for defendants-appellees Prudential LA Properties, Inc. and Sylinda Bogart.
Before KLIEBERT, C.J., CANNELLA, J., and BOUTALL, J. pro tem.
KLIEBERT, Chief Judge.
Plaintiffs, Gloria Royer Smith and Gary L. Smith, sued defendants, Remodeling Service, Inc. and Latter & Blum, Inc. for rescission of, or in the alternative for a reduction in the price of the sale of a home located at 3600 Lake Lynn Drive in Gretna, Louisiana, purchased by plaintiffs from defendant, Remodeling Service, Inc.
In response Latter & Blum, Inc. filed a third party demand against Property Plus, Inc., d/b/a Prudential Louisiana Properties, which acted as the selling agent for the property. Remodeling Service, Inc. filed cross claims against Latter & Blum, Inc. and Property Plus, Inc. Plaintiffs filed a supplemental petition against defendants, Joe Ford, Sylinda Bogart, Barbara Dufrene, Prudential Louisiana Properties, Inc., and ABC Insurance Company, the alleged liability insurance carrier of Remodeling Service, Inc. for damages, including pain and suffering, medical expenses, and attorney's fees allegedly suffered by the plaintiffs from alleged negligent misrepresentation committed by those additional defendants. Prudential Properties, Inc. filed cross claims against Remodeling Service, Inc., Latter & Blum, Inc. and Barbara Dufrene.
Remodeling Service, Inc. subsequently filed a motion for summary judgment which was denied by the trial court as to plaintiff's causes of action under tort and contract and maintained as to plaintiffs' action in redhibition, by judgment rendered on February 4, 1994. No appeal was taken from this judgment.
A trial on the merits was conducted and at the conclusion of plaintiffs' case the trial court dismissed plaintiffs' claims against all defendants on motions for involuntary dismissal. Plaintiffs appeal. We affirm.

FACTS
Remodeling Service, Inc., d/b/a Joe Ford Builders, (hereinafter "Ford") constructed a residence at 3600 Lake Lynn Drive in Gretna, Louisiana. Latter & Blum, Inc., secured a real estate listing agreement with Ford to sell the property for the period of June 22, 1990 through September 22, 1990. During the listing period, Barbara Dufrene, a licensed real estate agent with Latter & Blum, supplied information regarding the house into the Multi-Listing Service (MLS) Book utilized by realtors, which book is published by the Jefferson Board of Realtors and contains specific information on properties which are listed and available on the real estate market in that area.
In preparing information on the residence for sale, Ford printed a flyer on the home which listed the property as having 2547 square feet and listed other characteristics and qualities of the home. The flyer did not distinguish the 2547 square feet as being the living area or the total area of the home.
Dufrene incorrectly listed the information on the residence as containing 2547 square feet of living area when in fact the home contained 2547 of total area. The total area of a residence includes the total square footage under roof, including garages and porches which are not included in the calculations of living area space.
Sometime after her original error Dufrene discovered the error she had made and confirmed the fact with Ford, the builder/seller, that the 2547 square feet of living area as listed in the MLS book was incorrect. Ford informed Dufrene that the house contained *998 2054 square feet of living area. According to her testimony, Dufrene instructed the clerical staff at Latter & Blum to change the error in the MLS book. When the next MLS book was published, Dufrene realized that the correction had not been made. However, she took no further action to correct the information after the listing agreement expired.
Plaintiffs were contacted by Sylinda Bogart, a licensed real estate agent with Prudential Louisiana Properties, to help them in locating a home when Mr. Smith's job assignment was transferred from Lafayette to New Orleans. Bogart took plaintiffs on a tour of various homes available in the area. During this search, plaintiffs became interested in the property at 3600 Lake Lynn Drive. Upon returning to her office, Bogart ran a computer search on the property which showed that the listing agreement on the property had expired. The computer search indicated the living area of the house to be 2547 square feet and also listed Dufrene as the real estate agent who had the expired listing. Bogart contacted Dufrene to determine the status of the property and to inform Dufrene that Bogart had a client who was interested in purchasing the home. The two realtors decided to work together in an attempt to bring the seller and prospective purchasers together. Bogart and Dufrene also agreed to share in any commissions generated by their work together, with Prudential Louisiana Properties to receive a 3% commission and Latter & Blum to receive a 1½ commission on the sale of the home. (Bogart and Dufrene did not discuss the square footage of the home). Bogart made no independent effort to verify the correct living area of the home. She relied on and used the incorrect information on the living area of the home as shown in the MLS book and in her computer search to assist plaintiffs in formulating their offer to the seller. The original asking price for the home was $146,000.00. Plaintiffs' first offer of $140,000.00 was met with a counter offer of $143,000.00, which was accepted. Plaintiffs and Ford executed a purchase agreement for $143,000.00 with a 3% commission to Prudential and the remainder to Latter & Blum, Inc. The seller agreed to pay the commission even though the listing agreement with Latter & Blum, Inc. had expired.
Prior to execution of the sale, Mr. Smith prepared and presented a punch list for the property containing 48 items of work to be performed inside the house and 10 items of outside work. The act of sale took place on November 30, 1990. Plaintiffs financed a portion of the purchase price with a loan obtained by them through First National Bank of Commerce and an appraisal of the property was conducted in connection with the loan application. This appraisal was performed by J.W. Lee and Associates and appraised the market value of the property, as of November 7, 1990, to be $144,000.00. This appraisal listed the gross living area of the home to be 2054 square feet. Although plaintiffs requested a copy of the appraisal prior to the sale, they did not receive the appraisal until January, 1991, approximately five weeks after the sale.
Upon receiving the appraisal of the property, plaintiffs noticed the living area of the home listed as 2054 square feet instead of 2547 square feet. Plaintiffs contacted Bogart to discuss this discrepancy and she went to the home to measure the property. Bogart's measurements, which were checked by plaintiffs, confirmed the lesser amount of actual living area in the home.
Plaintiffs argue that the sale should be rescinded due to the vice of consent by error or fraud. A valid sale in Louisiana requires concurrence on three elements: the thing sold, the price, and the consent of the parties. LSA-C.C. art. 2439. A contract of sale is incomplete unless there is a meeting of the minds between the parties as to the object and the price. LSA-C.C. art. 2456. A contract is formed by the consent of the parties. LSA-C.C. art. 1927. Consent may be vitiated by error, fraud, or duress. LSA-C.C. art. 1948. Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. LSA-C.C. art. 1949. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for *999 one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. LSA-C.C. art. 1953.
Under the facts involved here, plaintiffs' argument that the misrepresentation as to the living area of the residence constitutes fraud is without merit. There is no evidence in the record to support any suggestion that the seller misrepresented, either intentionally or otherwise, the truth as to the living area. Hence, there was no fraud on the part of the seller.
Plaintiffs also argue that the sale should be rescinded due to the error of fact as to the living area. There is no question that plaintiffs proceeded to purchase the property under an error of fact in that they thought the house had 2547 square feet of living area, when in fact it had only 2047 square feet of living area. However, there is no evidence in the record to indicate that the seller knew or should have known that the plaintiffs had been misinformed about the living area. The error was unilateral on the part of the purchasers. The errors committed by the real estate agents in incorrectly listing the living area of the residence in the MLS book (attributable to Dufrene) and in using this inaccurate and out-dated information (attributable to Bogart) were not within the knowledge of the seller. Furthermore, unilateral error does not vitiate consent if the cause of the error was the complaining party's inexcusable neglect in discovering the error. Scott v. Bank of Coushatta, 512 So.2d 356 (La.1987). In this case, the plaintiffs could have easily measured the residence prior to the sale to determine the actual living area of the home. Further, a real estate broker or salesman (agent) is not considered to be an agent of the seller within the purview of the mandate provisions of Article 2985 et seq. of the Louisiana Civil Code. Reeves v. Weber, 509 So.2d 158 (La.App. 1st Cir.1987); Leggio v. Realty Mart, Inc., 303 So.2d 920 (La.App. 1st Cir.1974), writ denied 307 So.2d 629 (La. 1975).
The plaintiffs' motive in purchasing the home was to acquire a suitable and adequate place in which to live. The testimony and evidence establishes that the residence fit that purpose. The price paid was fair considering the appraisal value of the property. We therefore agree with the trial court's dismissal of plaintiffs' cause of action to rescind the sale as against the seller.
Plaintiffs further argue that the trial court erred in not permitting them to introduce parol evidence, i.e., their oral testimony regarding their motive in executing the sale, to support their allegations of error or fraud.
The sale of immovable property must be made by authentic act or under private signature. LSA-C.C. art. 2440. An authentic act constitutes full proof of the agreement contained in it as against the contracting parties. LSA-C.C. art. 1835. Under the parol evidence rulesee LSA-C.C. art. 1848, testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. LSA-C.C. art. 1848 recognizes an exception: parol evidence may be admitted, in the interest of justice, to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. A party to an authentic act who alleges that the act was executed through fraud, error or mistake may be permitted to introduce parol evidence to support such allegations. Mitchell v. Clark, 448 So.2d 681 (La.1984); Billingsley v. Bach Energy Co., 588 So.2d 786 (La.App. 2nd Cir.1991). In reaching our conclusion, we considered the parol evidence submitted by plaintiffs on the proffer and we therefore need not further address that assignment of error.
A purchaser's remedy against a real estate broker is limited to fraud under LSA-C.C. art. 1953, et seq. or for negligent misrepresentation under LSA-C.C. art. 2315. Reeves v. Weber, supra; Rodgers v. Johnson, 557 So.2d 1136 (La.App. 2nd Cir.1990).
There is no evidence of intentional misrepresentation on the part of the real estate agents and brokers. Therefore, the plaintiffs' cause of action for fraud against the realtors was properly dismissed.
The action for negligent misrepresentation arises ex delicto, rather than from contract. *1000 In order to recover for negligent misrepresentation there must be a legal duty on the part of the defendant to supply correct information; a breach of that duty, and the breach must have caused some damage to the plaintiff. Beal v. Lomas and Nettleton, 410 So.2d 318 (La.App. 4th Cir.1982). A real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent misrepresentation. Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982).
The trial court dismissed plaintiffs' claims against the real estate agents and brokers because the plaintiffs had not proven any actual property damages based on the fact that the plaintiffs paid $143,000.00 for the property and the property was appraised for $144,000.00. Therefore, the trial court also denied plaintiffs' recovery for nonpecuniary damages, i.e., mental anguish and inconvenience under the rationale of Cannatella v. Camp, Dresser & McKee, Inc., 574 So.2d 407 (La.App. 5th Cir.1991). We agree with the trial court's conclusion that the plaintiffs failed to prove that the breach of the defendants' duty caused damage to the plaintiffs.
For these reasons, the trial court's judgment dismissing plaintiffs' claims against all defendants is affirmed. Appellants are cast for all costs.
AFFIRMED.