STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-360

JOSEPH ANDRUS CORMIER, SR.
AND GAY ANN CORMIER

VERSUS

COLDWELL BANKER AND
TEAM REALTY, LLC

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, DOCKET NO. C-2008-244
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

J. Craig Jones
131 Highway 165 South
Oakdale, Louisiana 71463
(318) 335-1333
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Joseph Andrus Cormier, Sr. and
    Gay Ann Cormier

Craig R. Hill
Post Office Box 1260
215 Sixth Avenue
Oberlin, Louisiana 70655
(337) 639-2127
COUNSEL FOR PLAINTIFFS/APPELLANTS:
Joseph Andrus Cormier, Sr. and
Gay Ann Cormier


Gregory Engelsman
Bolen, Parker, Brenner, Lee & Engelsman, Ltd.
709 Versailles Boulevard
Post Office Box 11590
Alexandria, Louisiana 71315-1590
(318) 445-8236
COUNSEL FOR DEFENDANT/APPELLEE:
Team Realty, LLC


Timothy W. Basden
Breaud & Meyers, APLC
600 Jefferson Street, Suite 1101
Post Office Drawer 3448
Lafayette, Louisiana 70502-3448
(337) 266-2200
COUNSEL FOR DEFENDANT/APPELLEE:
Pelican Real Estate, Inc. d/b/a
Coldwell Banker Pelican Real Estate


Bonita Preuett-Armour
Armour Law Firm, LLC
Post Office Box 710
Alexandria, Louisiana 71309-0710
(318) 442-6611
COUNSEL FOR DEFENDANTS:
State Farm Mutual Automobile Insurance Company
and WHR Group, Inc.


William P. Wynne
Tarak Anada
Jones Walker LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8000
COUNSEL FOR THIRD PARTY DEFENDANT/APPELLEE:
Continental Casualty Company

**GENOVESE, Judge.**

Plaintiffs, Joseph Andrus Cormier, Sr. and Gay Ann Cormier, appeal the trial court's dismissal of their claims against Defendant, Team Realty, LLC, pursuant to summary judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation stems from Plaintiffs' purchase of a home located at 309 Maple Street, Elizabeth, Louisiana (the Maple Street property), on December 5, 2007. Prior to Plaintiffs' purchase thereof, the Maple Street property belonged to Lee and Heather Doucet;[1] however, it was being sold by WHR Group, Inc. (WHR), a relocation company, on their behalf.[2]

On May 22, 2008, Plaintiffs filed suit against Team Realty and Coldwell Banker,[3] alleging that they purchased the Maple Street property because of representations made to them by both Ruth Davidson, Plaintiffs' real estate agent employed by Coldwell Banker, and Danny James, the selling agent and Team Realty's owner/broker. According to Plaintiffs, they were told that the Maple Street property contained 2.3 acres when, in fact, it contained only 1.6 acres. Plaintiffs' petition alleged negligence by Danny James and Ruth Davidson for knowingly misrepresenting the "boundary lines behind the house and backyard[,]" which they relied upon and paid "$206,000.00 for the purchase of the home and

---

[1]Plaintiffs did not name Lee and Heather Doucet as Defendants.

[2]Heather Doucet was being transferred by her employer, State Farm Mutual Automobile Insurance Company (State Farm). State Farm hired WHR to handle the sale of the home on behalf of Lee and Heather Doucet.

[3]Contrary to Plaintiffs' reference, we note that the correct title for this entity is Pelican Real Estate, Inc. d/b/a Coldwell Banker Pelican Real Estate (Coldwell Banker).

2.3[] acres[.]" Plaintiffs are seeking damages for detrimental reliance, redhibition, diminution in value, and, in the alternative, rescission of the sale.

Team Realty answered the lawsuit on March 23, 2009, with a general denial of Plaintiffs' allegations. Simultaneously with its answer, Team Realty filed a Third Party Demand against its general liability insurer, Continental Casualty Company.

On November 16, 2010, Team Realty filed a Motion for Summary Judgment, asserting that Plaintiffs are not entitled to recover against it under either the theory of detrimental reliance or redhibition. According to Team Realty, Danny James had no knowledge that the Maple Street property contained only 1.6 acres instead of 2.3 acres. Team Realty contends that it was hired by WHR to sell the Maple Street property and that the legal description of the property, which Danny James used to determine the amount of acreage for its advertisement of the property, was received from WHR and/or Lee and Heather Doucet. Team Realty argues that Danny James never showed Plaintiffs the Maple Street property, nor did he or anyone else from Team Realty discuss the Maple Street property with Plaintiffs. Team Realty avers that Plaintiffs were sophisticated buyers who knew they could have easily verified the property's boundaries by obtaining a survey. Therefore, Team Realty argues that Plaintiffs cannot prove their entitlement to a judgment against it under either the theory of detrimental reliance or redhibition. In support of its Motion for Summary Judgment, Team Realty attached as exhibits: (1) Danny James' real estate license; (2) the deposition of Danny James; (3) Team Realty's state license; (4) the deposition of Ruth Davidson; (5) the deposition of Joseph Cormier; (6) the deposition of Gay Cormier; (7) a copy of Plaintiffs'

2

petition; (8) a copy of the Buy/Sell Agreement; (9) a copy of the Inspection Addendum to Sale Contract; and, (10) a copy of the Cash Sale Deed.

Plaintiffs amended their lawsuit on March 24, 2011, to add State Farm and WHR as Defendants. Plaintiffs responded to Team Realty's Motion for Summary Judgment on April 5, 2011, offering the following exhibits in opposition thereto: (1) the deposition of Joseph Cormier; (2) the deposition of Gay Cormier; (3) the deposition of Ruth Davidson; (4) a survey of the Maple Street property dated January 23, 2009; (5) the affidavit of Joseph Cormer; (6) pictures of the Maple Street property; (7) the deposition of Danny James; (8) an appraisal of the Maple Street property dated March 5, 2009; (9) a copy of the Cash Sale Deed; (10) the affidavit of Dewey Cormier; and, (11) the affidavit of Lee Doucet. In their opposition, Plaintiffs argued that "[a]lthough [Danny] James never spoke with [Plaintiffs] about the Maple Street [property, Danny] James did provide information regarding the boundaries of 306 [sic] Maple Street to Ruth Davidson, [Plaintiffs'] agent." According to Plaintiffs, they relied upon Danny James' representations to Ruth Davidson to their detriment, thereby making Team Realty liable.

After a hearing on April 11, 2011, the trial court granted Team Realty's Motion for Summary Judgment as to Plaintiffs' claims for detrimental reliance and redhibition. In its oral reasons, the trial court relied heavily on Danny James' testimony, stating:

> [Danny James] placed an ad in accordance with, he said[,] the description provided by the owners, which is going to be WHR or the Doucets. In the Buy/Sell Agreement, of course, it has as per record title. And there was - - the description of the title, it was - - I am assuming it was attached to that Buy/Sell Agreement, it is right next to it, I think right before it in the exhibits. It includes a plat and a location of where the plat - - or the location of where the plat is in the

records of Allen Parish, could have easily been satisfied by the buyers. The Buy/Sell says without warranty and that the buyers can satisfy themselves as to the, in this case, the lot size. So, the [c]ourt is going to grant the Motion for Summary Judgment.

The judgment dismissing Plaintiffs' claims against Team Realty with prejudice was signed on May 31, 2011. Plaintiffs appeal.[4]

## ASSIGNMENT OF ERROR

Plaintiffs argue, on appeal, that the trial court "committed reversible error by failing to recognize that there exist issues of material fact as to the liability of Team Realty, LLC."

## LAW AND DISCUSSION

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La.11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

Team Realty, as movant for summary judgment, had the burden of proof on its motion; however, because it did not bear the burden of proof at trial, it only

---

[4]Team Realty's Motion for Summary Judgment asserted that Plaintiffs could not prove their redhibition claim. The trial court agreed. On appeal, Plaintiffs do not address the trial court's dismissal of their redhibition claim against Team Realty via summary judgment. Thus, the trial court's ruling relative to redhibition is not before this court on appeal.

needed "to point out to the court that there is an absence of factual support for one or more elements essential to" Plaintiffs' claims. La.Code Civ.P. art. 966(C)(2).

The duties of a real estate broker or agent were discussed by this court in *Waddles v. LaCour*, 06-1245, p. 5 (La.App. 3 Cir. 2/7/07), 950 So.2d 937, 942, *writ denied*, 07-827 (La. 6/22/07), 959 So.2d 496 (quoting *Osborne v. Ladner*, 96-863, p. 16 (La.App. 1 Cir. 2/14/97), 691 So.2d 1245, 1257), as follows:

> A purchaser's remedy against a real estate broker is limited to damages for fraud under LSA-C.C. art. 1953 *et seq.* or for negligent misrepresentation under LSA-C.C. art. 2315. *Duplechin v. Adams*, 95-0480, p. 5 (La.App. 1st Cir.11/9/95); 665 So.2d 80, 84, *writ denied*, 95-2918 (La.2/2/96); 666 So.2d 1104; *Reeves v. Weber*, 509 So.2d 158, 160 (La.App. 1st Cir.1987); *Rodgers v. Johnson*, 557 So.2d 1136, 1138 (La.App. 2nd Cir.1990). The action for negligent misrepresentation arises *ex delicto*, rather than from contract. In order for a plaintiff to recover for negligent misrepresentation, there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage to the plaintiff caused by the breach. *Duplechin v. Adams*, 665 So.2d at 84; *Smith v. Remodeling Service, Inc.*, 94-589, p. 7 (La.App. 5th Cir.12/14/94); 648 So.2d 995, 999. A real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent misrepresentation. *Duplechin v. Adams*, 665 So.2d at 84; *Smith v. Remodeling Service, Inc.*, 648 So.2d at 1000; *Josephs v. Austin*, 420 So.2d 1181, 1185 (La.App. 5th Cir.1982), *writ denied*, 427 So.2d 870 (La.1983). However, the duty to disclose any material defects extends only to those defects of which the broker or agent is aware. *Reeves v. Weber*, 509 So.2d at 160.

A review of the law relative to detrimental reliance is crucial to our determination as to whether the trial court erred in granting summary judgment. Louisiana Civil Code Article 1967 defines cause in detrimental reliance as follows:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

5

Our supreme court explained detrimental reliance in *Luther v. IOM Co. LLC*, 13-353, pp. 10-11 (La. 10/15/13), 130 So.3d 817, 825, as follows:

> The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Suire v. Lafayette City-Parish Consolidated Government*, 2004-1459 (La.4/12/05), 907 So.2d 37, 59. Estoppels are not favored in our law; therefore, a party cannot avail himself of that doctrine if he fails to prove all essential elements of the plea. *See Wilkinson v. Wilkinson*, 323 So.2d 120, 126 (La.1975).

The deposition testimony of Plaintiffs indicates that Gay Cormier found the listing for the Maple Street property on Coldwell Banker's website. She contacted Ruth Davidson and inspected the Maple Street property. At all times, the property's boundary lines were relayed to Plaintiffs by Ruth Davidson, who allegedly obtained her understanding thereof from Danny James. The depositions of both Plaintiffs confirm that they never had direct communication with Danny James or anyone at Team Realty regarding the Maple Street property. Also poignant are the facts that Plaintiffs were experienced in the act of buying property and that Gay Cormier had even worked for a surveyor. Additionally, both Plaintiffs acknowledged being advised that if they wanted verification as to the property's boundaries, a property survey should be performed. Further damaging to Plaintiffs' claims is the fact that they signed both the Buy/Sell Agreement on November 5, 2008, and Cash Sale Deed on December 5, 2008, with no warranties concerning the property's boundaries.

Pursuant to our de novo review, we find that the record does not contain evidence of negligent misrepresentation on the part of Danny James. The trial court correctly ruled that Plaintiffs failed to produce any evidence which proves

that the alleged discrepancy was known to Danny James or represented by him in such a manner to Plaintiffs. Without proof that Danny James knew the Maple Street property was 1.6 acres instead of 2.3 acres, a duty to disclose this fact to Plaintiffs cannot be established. Further, Plaintiffs' assertion that they were justified in relying upon Danny James' alleged representations is equally flawed. Plaintiffs were fully aware that the property's boundaries could have been verified had they taken the opportunity to have the property surveyed. This they did not do. Thus, we find the trial court correctly held that Plaintiffs failed in their burden of proof and that there is no genuine issue of material fact in the record before this court. Accordingly, Team Realty's Motion for Summary Judgment was properly granted by the trial court.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Plaintiffs/Appellants, Joseph Andrus Cormier, Sr., and Gay Ann Cormier.

**AFFIRMED.**