MADELEINE M. LANDRIEU, Judge.
| ^Plaintiffs, David and Gwendolyn Hopkins, appeal the trial court’s judgment granting motions for summary judgment in favor of defendants, GBS Properties, LLC, d/b/a Prudential Gardner Realtors, Dane Ruffins, and Juanita Coco. For the reasons below, we affirm the judgment of the trial court.
FACTS AND PROCEEDINGS BELOW
David and Gwendolyn Hopkins listed for sale a residential property they owned, located at 412 Sable Drive in Arabi, Louisiana (“the property”). They entered into an Agreement to Purchase with Juanita Coco, the buyer, who was represented by Dane Ruffins, a real estate agent for GBS Properties, LLC d/b/a/ Prudential Gardner Realtors (“Prudential”). Ultimately, the Act of Sale did not take place as Ms. Coco was unable to secure financing.
Following the failed sale, Mr. and Mrs. Hopkins filed a Petition for Damages against Ms. Coco, Ms. Ruffins, and Prudential, in its capacity as Ms. Ruffins’ employer. The petition alleged that Ms. Coco failed to make a good faith effort to secure financing and that Ms. Ruffins failed to timely notify Ms. Coco’s lender that 12they had agreed to reduce the purchase price to the appraised value of the property. Ms. Coco, Ms. Ruffins, and Prudential filed motions for summary judgment, all of which were granted by the trial court. This appeal followed.
DISCUSSION
In their sole assignment of error, Mr. and Mrs. Hopkins assert that the trial court erred in granting these motions for summary judgment because there are genuine issues of material fact as to (1) whether Ms. Coco acted in good faith in her efforts to secure financing as required by the agreement; (2) whether Ms. Coco and Ms. Ruffins had a duty to seek an extension of the Act of Sale date; (3) whether Ms. Ruffins’ actions and/or inactions constituted fraud or negligent misrepresentation; and (4) whether Ms. Ruffins’ actions breached her duty to act in good faith to get the agreement to the Act of Sale.
We review the trial court’s granting of a motion of summaiy judgment de novo using the same criteria applied by the trial court to determine whether summary judgment is appropriate. Fleming v. Hilton Hotels Corp., 99-1996, p. 2 (La.App. 4 Cir. 7/12/00), 774 So.2d 174, 176. At the time of the hearing on the motion for summary judgment, Louisiana Code of Civil Procedure article 966(B)(2) provided that summary judgment
... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
lsIn determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Mitchell v. St. Paul Fire and Marine Ins. Co., 01- *203 0596, p. 3 (La.App. 4 Cir. 2/6/02), 809 So.2d 517, 519 (citations omitted).
Ms. Coco, Ms. Ruffins, and Prudential, as movants for summary judgment, have the burden of proof on the motion; however, because they do not bear the burden of proof at trial, they are only required “to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C). Once they have done so, the burden shifts to Mr. and Mrs. Hopkins “to produce factual support sufficient to establish that [they] will be able to satisfy [their] evidentiary burden at trial.” La. C.C.P. art. 966(C).
A purchaser’s remedy against a real estate broker is limited to damages for fraud under LSA-C.C. art.1953 et seq., or for negligent misrepresentation under LSA-C.C. art. 2315. Cormier v. Coldwell Banker, 14-360, p. 5 (La.App. 3 Cir. 11/5/14), 150 So.3d 557, 560, citing Waddles v. LaCour, 06-1245, p. 5 (La.App. 3 Cir. 2/7/07), 950 So.2d 937, 942. Mr. and Mrs. Hopkins did not allege fraud in their petition for damages. At the hearing on the motions for summary judgment, counsel for Mr. and Mrs. Hopkins made an oral motion to amend the pleadings to include allegations of fraud. This motion was denied by the trial court. The appellants do not raise this procedural ruling of the trial court as an error on appeal. However, in their appellant brief, Mr. and Mrs. Hopkins make allegations of fraud, hwhich they contend, preclude the granting of summary judgment in favor of the defendants. As these allegations of fraud are not part of the record before us, we cannot consider them.
To recover for negligent misrepresentation, “there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage. to the plaintiff cause by the breach.” Hughes v. Goodreau, 01-2107, p. 19 (La.App. 1 Cir. 12/31/02), 836 So.2d 649, 663; see also, La. C.C. art. 2315; Tres’ Chic in a Week, L.L.C. v. Home Realty Store, 07-1373, p. 5 (La.App. 1 Cir. 7/17/08), 993 So.2d 228, 232. A real estate broker owes a specific duty to communicate accurate information to the seller and the purchaser. Id. Here, Mr. and Mrs. Hopkins allege in their suit that they had agreed to lower the purchase price of their home in accordance with the appraisal; that Ms. Ruffins failed to timely communicate this amended offer to the lender; and that her failure to do so resulted in Ms. Coco not being approved for financing. They further allege that Ms. Coco failed to act in good faith in securing financing.
Ms. Coco, Ms. Ruffins, and Prudential assert that there are no material facts in dispute as to the interactions between the parties to the sale. They allege that the Hopkins have presented no facts to establish that Ms. Coco did not act in good faith in her efforts to secure financing; that Ms. Ruffins did not breach her duty to communicate accurate information to the buyer, seller, and/or lender; and, that the Hopkins have not presented any facts to establish that the conduct of either Ms. |sCoco or Ms. Ruffins resulted in the failure of the lender to timely provide financing for the sale.
In support of their motions for summary judgment, Ms. Coco, Ms. Ruffins, and Prudential filed into evidence (1) Ms. Ruffins’ deposition and affidavit, (2) the purchase agreement and amendment to the sale price, (3) the appraisal report on the property, (4) the deposition of Lori Serpas, a representative from Countrywide Bank, and (5) the notice from Countrywide Bank denying the loan. Mr. and Mrs. Hopkins offered no evidence in opposition to the motions.
*204 Ms. Ruffins deposition established that Ms. Coco had contacted her for assistance in' finding a home in St. Bernard Parish. Ms. Coco already had a loan officer in-place. On or about March 1, 2008, Ms. Coco, with the assistance of Ms. Ruffins, entered into a purchase agreement for the property owned by Mr. and Mrs. Hopkins. The agreement stated, in pertinent part, that
Buyer agrees to make good faith'application, which includes ordering and paying for an appraisal and credit report if required for loan approval, within 7 calendar days of acceptance of this offer or any counteroffer and written proof from the lender that the application has been made shall be supplied by BUYER to the- SELLER. Written commitment by the lender to make loan(s), without contingencies except subject to approval of title, shall be obtained by BUYER and shall constitute final loan approval. Final loan approval shall be obtained on or prior to March 28, 2008. Any extension of this date shall be in writing and shall be signed by all parties.
The agreement further stated that “the Act of Sale [was] to be executed before a settlement agent or Notary Public to be chosen by BUYER, on April 4, 2008.” The agreed upon sale price was $152,500.00.
|r,An appraisal report on the property was dated March 24, 2008, but evidently was not completed at that' time because the appraiser informed the parties sometime around March 27, 2008, the day before the deadline for final loan approval, that she was having trouble finding comparable sáles in the area. She attributed this difficulty to the fact that the area where the home was located had been devastated by Hurricane Katrina and had not completely recovered. Ultimately, the appraisal report stated that the estimated market value of the property was $147,000.00, but noted that “comparable sales similar to the subject within one mile were non-existent.”
On April 1, 2008, according to Ms. Ruf-fins’ deposition testimony, Lori Serpas, Ms. Coco’s loan officer, informed her that the appraisal- report was “not so good,” that the property was in a soft market, and that Mr. and Mrs. Hopkins would have to agree to a reduction of the purchase price for the possibility of obtaining approval for the loan. On April 2, 2008, Ms. Coco and Ms. Ruffins signed an “Amendment to Agreement to Buy or Sell” as a proposal to reduce the sale price to $147,000.00. The amendment stated “price change will reflect appraised value. All other conditions of contract- will stand as they are.” Ms. Ruffins stated in her affidavit that she faxed the signed amendment to Mr. and Mrs. Hopkins around noon on April 2nd.
Mr. and Mrs. Hopkins signed the amendment, dating it April 4, 2008. However, the time stamp on the fax receipt shows that it was sent to Ms. Ruffins’ office on April 3, 2008 at 6:41 p.m. Ms. Ruffins stated that her office closed at | v5:00 p.m. On the morning of April 4, 2008, the deadline for the execution of the Act of Sale, Ms. Ruffins received the signed amendment from Mr. and Mrs. Hopkins. On the same day, Ms. Ruffins received a notice from Countrywide Bank informing her that the loan would not be approved. It is undisputed that Ms. Ruf-fins did not forward the amendment reducing the sale price to Countrywide.
Ms. Serpas, Ms. Coco’s loan officer with Countrywide Bank, stated in her deposition that the decision to approve á loan on the property at the lower price would have to have been made by Underwriting after another review of the proposed sale. She stated that after the parties agreed to the reduced sale price, the documents would have had to go back to Underwriting for *205 their review. She stated that if she had received the amendment on April 4th and had immediately forwarded it to Underwriting, their review and approval of the loan would not have been completed on that day. Although either the sellers or buyers could have sought an extension of the April 4th Act of Sale date, neither party did so.
After our de novo review of the record, we find no evidence that Ms. Ruf-fins breached her duty to timely relay accurate information among the parties. Although Mr. and Mrs. Hopkins contend that Ms. Coco and Ms. Ruffins acted in bad faith by not forwarding the amended agreement to Countrywide Bank, they did not introduce any evidence to support this contention. As noted above, Ms. Ruffins received the amended agreement on the morning of April 4th, the deadline for the Act of Sale. Although, based on the terms of the agreement, Mr. and Mrs. Hopkins could have sought an extension of the sale date to give Countrywide Bank|8additional time to consider the loan at the lower sale price, they did not. Their failure to do so is not attributable to Ms. Ruffins. Notably, there is no evidence that Ms. Ruffins’ own client, Ms. Coco, asked her to request an extension, and nothing in the Purchase Agreement obligates her to do so. Further, Mr. and Mrs. Hopkins presented no facts to suggest that Ms. Coco did not comply with her obligation to act in good faith in her efforts to secure financing. Finally, Mr. and Mrs. Hopkins presented no facts to support a finding that had Ms. Ruffins forwarded the amendment reducing the purchase price to Countrywide on the day she received it, Countrywide would have approved the financing at all, let alone in time to meet the contractual deadline for the Act of Sale.
Because Ms. Ruffins is not liable to Mr. and Mrs. Hopkins for the failed sale of the home, her employer, Prudential, is also not liable.
We find no error in the judgment of the trial court.
CONCLUSION
For the foregoing, reasons, we affirm the trial court’s granting of. summary judgment in favor of Prudential, Ms. Ruffins, and Ms. Coco.
AFFIRMED
BO.NIN, J., Concurs in the Result.